were contributorily negligent. We find after their original notice to the State on June 26, 1967, that none of the claimants contacted the State Conservation Officers in any way until July 31, 1967 when Barbera spoke to Conservation Officer Gilbert about it. This is true despite the fact that a number of the claimants admitted having seen Conservation Officer Gilbert almost every working day between June and July of 1967. Although Barbera gave a different date we find from the evidence that the date thereof was July 31, 1967 as stated by Gilbert. The trial court's decision that claimants were guilty of contributory negligence is sufficiently supported by the evidence. " It is the duty of every person to observe such precautions as may be necessary to prevent the injury to himself * * * he must use reasonable care in avoiding possible danger." (1 Warren's Negligence, § 2.01, p. 421.) In other words, a claimant must use for his own protection the care which a reasonably prudent and vigilant man would use under similar circumstances to protect himself from injury. (1 Warren's Negligence, § 10.01, p. 439.) The claimants' failure to do anything between June 26 and July 31 was unreasonable under the circumstances and provides sufficient evidence to support a finding that they were contributorily negligent. (Appeal from judgment of Court of Claims, dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ SAM BONACORSI, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48780.) — Judgment unanimously affirmed, without costs. Same memorandum as in Crisafulli v. State of New York (37 A D 2d 688) decided herewith. (Appeal from judgment of Court of Claims, dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ SIMMONS AND BARBERA FARMS, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48781.) — Judgment unanimously affirmed, without costs. Same memorandum as in Crisafulli v. State of New York (37 A D 2d 688) decided herewith. (Appeal from judgment of Court of Claims dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ ANTHONY SANTORO, Doing Business as SANTORO FARMS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48782.) — Judgment unanimously affirmed, without costs. Same memorandum as in Crisafulli v. State of New York (37 A D 2d 688) decided herewith. (Appeal from judgment of Court of Claims dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ ANGELO FERLITO, Doing Business as FERLITO FARMS, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 48783.) — Judgment unanimously affirmed, without costs. Same memorandum as in Crisafulli v. State of New York (37 A D 2d 688) decided herewith. (Appeal from judgment of Court of Claims, dismissing claim for damages for loss of crops.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.

■ In the Matter of the Estate of GREGORIOS LUKAS, Deceased. ANGELIKI SKIJUS, Appellant; DANIEL PANELS et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: Petitioner, a legatee named in a prior will, seeks an examination before trial of the attesting witnesses to the propounded will. He has already examined them under SCPA 1404. Subdivision 4 of that section provides in part: " No person who has been examined as a witness under this section shall be examined in the same proceeding under any other provision of law except by direction of the court. The attesting witnesses may be examined as to all relevant matters which may be the basis of objections to